**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| MALLINCKRODT HOSPITAL PRODUCTS IP LIMITED, MALLINCKRODT HOSPITAL PRODUCTS INC., and NEW PHARMATOP L.P., <br><br> Plaintiffs, <br><br> v. <br><br> BAXTER HEALTHCARE CORPORATION, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 1:20-cv-00434-LPS |

**CONSENT JUDGMENT AND ORDER OF PERMANENT INJUNCTION**

This action for patent infringement has been brought by Plaintiffs, Mallinckrodt Hospital Products IP Limited ("Mallinckrodt IP"), Mallinckrodt Hospital Products Inc. ("Mallinckrodt Hospital"), and New Pharmatop L.P. ("Pharmatop" and, together with Mallinckrodt IP and Mallinckrodt Hospital, the "Mallinckrodt Parties"), for infringement of U.S. Patent Nos. 9,610,265, 9,399,012, 9,987,238, 6,992,218, and 10,383,834 (the "Plaintiffs Patents"). The Mallinckrodt Parties' commencement of this litigation was based on its receipt of notice from Defendant Baxter Healthcare Corporation ("Baxter") that Baxter had filed Abbreviated New Drug Application No. 214331 (the "Baxter ANDA") with the United States Food and Drug Administration (the "FDA") containing a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) listing Mallinckrodt Hospital's OFIRMEV® (injectable acetaminophen) 10 mg/mL, 100 mL product as the reference listed drug.

The Mallinckrodt Parties and Baxter have agreed to terms and conditions representing a negotiated settlement of this action and have set forth those terms and conditions in a Settlement

Agreement and a License Agreement, each dated as of April 23, 2020, by and among the applicable Mallinckrodt Parties and Baxter (collectively, the "Settlement Documents").

Now the parties, by their respective undersigned attorneys, hereby stipulate as follows:

IT IS this ___ day of April, 2020,

ORDERED, ADJUDGED AND DECREED as follows:

1. Terms used in this Consent Judgment and Order and not otherwise defined shall have the meanings ascribed thereto in the Settlement Documents.

2. The Mallinckrodt Parties have charged Baxter with infringement of the Plaintiffs Patents in connection with Baxter's submission of the Baxter ANDA directed to a generic acetaminophen injection product to the FDA.

3. The submission of the Baxter ANDA containing a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to the FDA for the purpose of obtaining regulatory approval to engage in the commercial manufacture, use and/or sale of a variation of acetaminophen injection within the United States before the expiration of U.S. Patent No. 6,992,218 was a technical act of infringement of that patent under 35 U.S.C. § 271(e)(2)(A).

4. Unless otherwise expressly permitted pursuant to the terms of the Settlement Documents, Baxter, its successors and permitted assigns, and any of its Affiliates or their respective officers, agents, servants and employees and those persons in active concert or participation with them with notice of this judgment by personal service or otherwise shall be and hereby are enjoined and restrained from infringing the Plaintiffs Patents by making, using selling, offering for sale, or importing any product that is the subject of the Baxter ANDA.

5. Except as the Parties have heretofore expressly provided for in writing, by virtue of this Consent Judgment and Order, all claims and demands for relief prayed for by the Mallinckrodt Parties and Baxter in this action are deemed to be satisfied.

6. Subject to the provisions of the Settlement Documents, in addition to remedies for contempt of this Consent Judgment and Order that the Mallinckrodt Parties or Baxter, as the case may

be, have in the event of breach or violation by the other party of the terms of this Consent Judgment and Order, the non-breaching party (including its successors and permitted assigns) is entitled to appropriate injunctive relief against the breaching party with respect to the breaching conduct solely upon a showing of a likelihood of success of establishing that such a breach occurred. The Mallinckrodt Parties and Baxter agree that jurisdiction and venue for such an action, as specifically set forth in this paragraph, exists in this District Court, and waive any and all defenses based on personal jurisdiction, subject matter jurisdiction and venue.

7. This Court retains jurisdiction to enforce or supervise performance under this Consent Judgment and Order and the Settlement Documents.

8. Each party shall bear its own costs, disbursements and attorneys' fees.

9. The Mallinckrodt Parties and Baxter each expressly waive any right to appeal or otherwise move for relief from this Consent Judgment and Order.

10. The Clerk of the Court is directed to enter this Consent Judgment And Order.

_____
Honorable Leonard P. Stark
United States District Court Judge

We hereby consent to the form and entry of this Consent Judgment And Order.

| | |
|---|---|
| **MORRIS, NICHOLS, ARSHT & TUNNELL LLP** | **POTTER ANDERSON & CORROON LLP** |
| */s/ Jeremy A. Tigan* | */s/ Philip Rovner* |
| Jeremy A. Tigan (#5239)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>jtigan@mnat.com | Philip Rovner (#3215)<br>1313 N. Market Street, 6th Floor<br>Wilmington, DE 19801-6108<br>(302) 984-6140<br>provner@potteranderson.com |
| Attorneys for Plaintiffs<br>Mallinckrodt IP Unlimited Company,<br>Mallinckrodt Hospital Products Inc., and<br>New Pharmatop L.P. | Attorneys for Defendant<br>Baxter Healthcare Corporation |
| **OF COUNSEL:** | **OF COUNSEL:** |
| **HAMILTON, BROOK, SMITH & REYNOLDS, P.C.**<br>Brian T. Moriarty, Esq.<br>Lawrence P. Cogswell, III, Ph.D.<br>Seaport West<br>155 Seaport Boulevard<br>Boston, MA 02210<br>(617) 607-5900 | **RAKOCZY MOLINO MAZZOCHI SIWIK LLP**<br>Paul J. Molino<br>Tara M. Raghavan<br>Six West Hubbard Street<br>Chicago, Illinois 60654<br>(312) 222-6300 |
| Attorneys for Plaintiff<br>New Pharmatop L.P. | Attorneys for Defendant<br>Baxter Healthcare Corporation |